JONATHAN T. REMMEL, Esq. (8627)
jremmel@remmellaw.com
**REMMEL LAW FIRM**
6900 Westcliff Drive, Ste 504
Las Vegas, NV 89145
P. (702) 522-7707
F. (702) 475-4040
Attorney for Plaintiff,
DINA MAMUNES

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| DINA MAMUNES,<br><br>    Plaintiff,<br><br>vs.<br><br>THE SIGNATURE CONDOMINIUMS, LLC dba THE SIGNATURE AT MGM GRAND, a Nevada Domestic Limited-Liability Company, DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>    Defendants. | Civil Action No.: 2:16-CV-01869-JCM-(PAL)<br><br>**PLAINTIFF DINA MAMUNES' MOTION TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** |

Plaintiff Dina Mamunes ("Plaintiff"), by and through her attorney, JONATHANT T. REMMEL, ESQ. of the REMMEL LAW FIRM, hereby submits her Motion to Extend Discovery Deadlines.  This Motion will *likely* be unopposed as the parties were discussing a stipulation to extend the discovery deadlines; however, Defense Counsel left for personal vacation before the Stipulation was formally agreed to, thereby requiring the filing of this Motion to meet the 21 day deadline for filing.  This Motion is made pursuant to the provisions of Local Rule 26-4 which provides for an extension of discovery upon a showing of good cause, and excusable neglect, present in circumstances such as those at issue here.  This is the first request for an extension of discovery made in this case.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The discovery cut off in this matter is May 26, 2017. The current deadline for initial expert disclosures is March 27, 2017. Plaintiff resides in Colorado, along with a majority of her treating physicians. To date, it has been difficult for the parties to obtain records from these out-of-state medical providers. Once the records are obtained, it will also be necessary to submit the same to medical experts for review and consideration. Once the records are secured, the parties may also desire to set the depositions of these providers. However, due existing trial schedules, vacations and other calendaring conflicts, Plaintiff (and presumably the defense) will likely be unable to meet the existing deadlines.

The parties were able to confer on March 3, 2017 regarding the issue, but were unable to formalize a stipulation regarding this brief extension of discovery before Defense counsel left for vacation. Notwithstanding, and in an abundance of caution, Plaintiff submits this motion for a 60 day extension of all discovery deadlines pursuant to FRCP l6(b)(4), FRCP 26 and Local Rule 26-4 in order to best ensure there is enough time for both parties to adequately prepare for the pending initial expert discovery deadline.

### A. Discovery Conducted to Date

On August 29, 2016, the parties conducted the Rule 26(f) meeting. The parties have exchanged initial and (several) supplemental Rule 26 disclosures. Each party has propounded initial written discovery requests-- including interrogatories, request to produce, and request for admissions. The parties have conducted a site inspection, along with non-destructive testing. The Defendant has taken the deposition of Plaintiff.

. . .

B. **Remaining Discovery**

Discovery to be completed includes:

- Deposition of remaining fact witnesses;
- Deposition of defendants' Rule 30(b)(6) witnesses;
- Deposition of Plaintiff's treating physicians;
- Disclosure of initial and rebuttal expert witnesses; and
- Depositions of disclosed initial and rebuttal expert witnesses;

C. **Current Discovery Deadlines**

| | |
|---|---|
| Expert Disclosure Deadline and Joint Interim Status Report Deadline: | 03/27/2017 |
| Rebuttal Expert Disclosure Deadline: | 04/26/2017 |
| Discovery Deadline: | 05/26/2017 |
| Deadline to File Dispositive Motions: | 06/23/2017 |
| Pre-Trial Order Deadline: | 07/21/2017 |

Plaintiff avers, pursuant to Local Rule 6-1, that good cause exists for the requested extension. Plaintiff also states, pending this Court's approval, extension of remaining discovery deadlines is appropriate, as the parties collectively desire to further investigate this case, designate (prepared) experts, and potentially reach a resolution prior to incurring additional fees and costs for further extensive discovery and experts.

D. **(Proposed) New Discovery Deadline**

| | |
|---|---|
| Expert Disclosure Deadline and Joint Interim Status Report Deadline: | 05/30/2017 |
| Rebuttal Expert Disclosure Deadline: | 06/30/2017 |
| Discovery Deadline: | 07/26/2017 |
| Deadline to File Dispositive Motions: | 08/23/2017 |

Pre-Trial Order Deadline:                                                                              09/21/2017

If the extension is granted, all anticipated additional discovery should be included within the extended deadline. Plaintiff avers that this request for additional time is made in good faith and not for the purpose of delay.

## II.     LEGAL STANDARD

### A. Local Rules 6-1 and 26-4

Local Rule 6.1 provides:

> LR 6-1. REQUESTS FOR CONTINUANCE, EXTENSION OF TIME OR ORDER SHORTENING TIME.
>
> (a)     Every motion requesting a continuance, extension of time, or order shortening time shall be "Filed" by the Clerk and processed as an expedited matter. Ex parte motions and stipulations shall be governed by LR 6-2.
>
> (b)     Every motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested. A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. Immediately below the title of such motion or stipulation there shall also be included a statement indicating whether it is the first, second, third, etc., requested extension, i.e. STIPULATION FOR EXTENSION OF TIME TO FILE MOTIONS (First Request)
>
> (c) The Court may set aside any extension obtained in contravention of this Rule.
>
> (d) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must State in its opening paragraph the filing date of the motion.

Local Rule 26-4 provides:

> LR 26-4. EXTENSION OF SCHEDULED DEADLINES.

. . .

>Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of *excusable neglect.*
>
>Any motion or stipulation to extend a deadline or to reopen discovery shall include:
>
>(a) A statement specifying the discovery completed;
>
>(b) A specific description of the discovery that remains to be completed;
>
>(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
>(c) A proposed schedule for completing all remaining discovery.

**B.    Good Cause Exists for Extending Existing Discovery Deadlines**

As demonstrated above, Plaintiff resides in Colorado, Plaintiff's treating physicians are out-of-state and, to date, there have some difficulties in obtaining complete medical records. Due to trial schedules, vacations, and other calendaring conflicts, out of state depositions of Plaintiff's treating physicians still need to be scheduled. As such, the failure to do so - all while attempting repeatedly to resolve these issues informally - can only be deemed excusable and not to product of neglect. Even if neglect were at issue, "the determination of whether neglect is excusable is an equitable one that depends on a least four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman* v. *Us. Postal Service,* 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co.* v. *Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380,395 (1993)).

IV. **CONCLUSION**

Plaintiff respectfully requests a brief sixty (60) day extension of all discovery deadlines in this case under Rule 26. This will allow parties to complete the remaining discovery, obtain the relevant medical evidence, conduct any out-of-state depositions of Plaintiff's treating providers, and disclose experts pursuant to Rule 26(a)(2).

DATED this 6th day of March, 2017.

**REMMEL LAW FIRM**

/s/ Jonathan T. Remmel
JONATHAN T. REMMEL, ESQ. (8627)
Attorney for Plaintiff,
DINA MAMUNES

**ORDER**

IT IS SO ORDERED that the discovery deadlines are continued as follows:

**(PROPOSED) NEW DISCOVERY DEADLINES**

| | |
|---|---|
| Expert Disclosure Deadline and Joint Interim Status Report Deadline: | 05/30/2017 |
| Rebuttal Expert Disclosure Deadline: | 06/30/2017 |
| Discovery Deadline: | 07/26/2017 |
| Deadline to File Dispositive Motions: | 08/23/2017 |
| Pre-Trial Order Deadline: | 09/21/2017 |

**UNITED STATES MAGISTRATE JUDGE**

DATED: April 3, 2017

- 6 -

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of REMMEL LAW FIRM, and that on this 6th day of March, 2017, I served a copy of **PLAINTIFF DINA MAMUNES' MOTION TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** on the parties addressed as shown below:

   \_\_\_ Via U.S. Mail by placing said document in a sealed envelope with postage prepaid.

   _X_ Via Electronic Submission: Submitted to the above-entitled Court for electronic Filing; and/or

   \_\_\_ Via Facsimile:

Darrell D. Dennis, Esq.
Darrell.dennis@lewisbrisbois.com
Steven B. Abbott, Esq.
Steven.abbott@lewisbrisbois.com
Blake A. Doerr, Esq.
Blake.doerr@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV  89118
Ph. (702) 893-3383
Fx. (702) 893-3789
Attorneys for Defendant,
THE SIGNATURE CONDOMINIUMS, LLC

                                                     /s/ Emma Powell
                                                     An employee of Remmel Law Firm